IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BERNICE VEGA OSTOS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3935-L** |
| | § | |
| **JOSE ALFREDO VEGA,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Dismiss, Request for Expedited Discovery, Request for Keeping Status Quo During Pendency of Litigation, and Request for Appointment of a Guardian Ad Litem (Doc. 13), filed December 30, 2015. After carefully considering the motion and requests for relief, briefs, pleadings, record, and applicable law, the court **denies** the Motion to Dismiss; **denies** the Request for Expedited Discovery; **denies** the Request for Appointment of a Guardian Ad Litem; and **grants** the Request for Keeping Status Quo During Pendency of Litigation (Doc. 13).

**I.    Factual and Procedural Background**

On November 6, 2014, Petitioner Bernice Vega Ostos ("Ms. Vega-Ostos" or "Petitioner") brought this action against Defendant Jose Alfredo Vega ("Mr. Vega" or "Respondent") pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, S. Treaty Doc, No. 99–11, which is implemented in the United States through the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9003, *et seq*. Ms. Vega-Ostos and Mr. Vega are the parents of J.G.V., who is eight years old. Ms. Vega-Ostos alleges in her Petition for Return of Child ("Petition") that, in removing J.G.V. from his habitual residence

in Mexico, where J.G.V. resided with his mother, and bringing him to the United States to reside with his father in Dallas, Texas, Mr. Vega violated her custody rights under Mexican law and the parties' custody agreement under a Final Decree of Divorce entered on November 8, 2012, by the 302nd Judicial District Court, Dallas County, Texas.  Ms. Vega-Ostos seeks an order requiring Mr. Vega to return J.G.V. to Mexico.  Pending a hearing in this court, Ms. Vega-Ostos requests: that she be given immediate access to J.G.V.; that Mr. Vega be prohibited from removing J.G.V. from the jurisdiction; that Mr. Vega be required to turnover to the court J.G.V.'s travel documents; and that the court set an expedited hearing on her Petition.  Ms. Vega-Ostos also seeks to recover her attorney's fees and costs incurred as a result of this action.

On December 30, 2014, Mr. Vega moved to dismiss the action, contending that it does not fall under the ICARA and instead merely involves the issue of whether a modification of the parties' custody agreement should be granted by the 302nd Judicial District Court, Dallas County, Texas, which entered the parties' Final Decree of Divorce.  Mr. Vega asserts that he filed a motion with the state court to modify the parties' parent-child relationship as to J.G.V. on August 12, 2014.  Mr. Vega contends that he has lived in Dallas County for several years and has never hidden from Ms. Vega-Ostos the whereabouts of J.G.V., who is currently residing with him and attending school in Texas.

Mr. Vega contends that, even assuming that the ICARA applies, Ms. Vega-Ostos cannot establish the requisite prima facie case under the ICARA because: (1) J.G.V. is not a habitual resident of Mexico; and (2) he is not in breach of any custody or court order.  According to Mr. Vega, he is a joint managing conservator under the Final Divorce Decree and, as such, has the right to ensure that J.G.V. is not placed in harm's way.  Mr. Vega further asserts that he has affirmative

defenses under Article 13 of the Convention that would allow J.G.V. to remain in his custody in the United States. Mr. Vega contends that returning J.G.V. to Mexico would subject him to a grave risk of physical or psychological harm or otherwise place J.G.V. in an intolerable situation. In addition, Mr. Vega contends that J.G.V objects to returning to Mexico, and that J.G.V. has reached an age and level of maturity appropriate for the court to take into account J.G.V's view as to whether he should be returned to Mexico. Mr. Vega therefore requests that Petition filed by Ms. Vega-Ostos be denied and dismissed.

Pending resolution of his motion and the Petition, Mr. Vega requests that the court appoint a guardian ad litem and allow him to retain custody of J.G.V. Mr. Vega also requests that he be permitted to conduct unspecified discovery "to assist the Court at the final hearing." Def.'s Mot. 15. In addition, Mr. Vega seeks to recover attorney's fees and costs of suit.

Ms. Vega-Ostos responds that Mr. Vega's motion should be denied in its entirety because it contravenes the express objectives of the Convention, which is ensure the prompt return of children wrongfully removed or retained internationally to the state or country of their habitual residence. Ms. Vega-Ostos contends that the court has jurisdiction over this action under the Convention and the ICARA, and that this case and the relief requested have nothing to do with modification of the parties' custody agreement. Ms. Vega-Ostos further contends that her verified Petition establishes a prima facie case for relief under the Convention, whereas Defendant's affirmative defenses are based on nothing more than unsupported assertions. Additionally, Ms. Vega-Ostos contends that Mr. Vega's request to maintain the status quo and retain custody of J.G.V. pending resolution of this action is contrary to the Convention's purpose of restoring the pre-abduction status quo and to deterring parents from crossing borders in search of more sympathetic

forums. Finally, Ms. Vega-Ostos maintains that neither expedited discovery nor appointment of a guardian ad litem is necessary in this case for the court to make appropriate determinations with respect to J.G.V.

Mr. Vega replies that this is not a case of a parent crossing the border in search of a more sympathetic forum and does not involve the abduction of a child but instead involves an ongoing dispute between two managing conservators concerning the well-being of their child. Mr. Vega contends that the 302nd Judicial District Court has "continuing, exclusive jurisdiction" over J.G.V.'s welfare and best interests. Mr. Vega therefore contends that Ms. Vega-Ostos should have sought to enforce her parental rights under the Final Divorce Decree in the 302nd Judicial District Court, rather than federal court. Mr. Vega therefore asks that the court defer to the proceeding pending in the 302nd Judicial District Court on his motion to modify the parties' parent-child relationship as to J.G.V.

Briefing on Defendant's motion to dismiss was complete on January 27, 2015, and it is ripe for consideration.

**II.     Standard for Rule 12(b)(6) - Failure to State a Claim**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

**Memorandum Opinion and Order - Page 4**

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

**Memorandum Opinion and Order - Page 5**

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.    Analysis**

The Convention was adopted to address the problem of international child abductions in connection with domestic disputes. *Abbott v. Abbott*, 560 U.S. 1, 8 (2010). The purpose of the Convention is to "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." *Id.* (quoting Convention,

**Memorandum Opinion and Order - Page 6**

art. 1). Under the Convention, a child who is abducted in violation of "rights of custody" must be returned to the child's country of habitual residence, unless certain exceptions apply." *Abbott*, 560 U.S. at 5.

The Convention is implemented through the ICARA. *Id.* Under the ICARA, state courts and federal district courts have concurrent original jurisdiction over actions arising under the Convention. 22 U.S.C. § 9003(a). A person, who seeks the return of a child wrongfully removed or retained, or seeks to exercise rights of access to a child under the Convention, may file a petition for relief "in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." *Id.* § 9003(b). It is undisputed that J.G.V. was located in Dallas County, Texas, when Ms. Vega-Ostos filed her Petition under the Convention. The court therefore has jurisdiction over this action, and, for the reasons herein explained, it is irrelevant whether there is a motion pending to alter the parties' custody agreement in state court.

When a child under sixteen years of age has been wrongfully removed or retained and less than one year has elapsed between the alleged wrongful removal or retention and the commencement of return proceedings, the court in the country to which the child has been brought must "order the return of the child forthwith," unless one of the Convention's limited exceptions apply. *Abbott*, 560 U.S. at 9; 51 Fed. Reg. at 10507. Even when return proceedings are initiated after the expiration of one year, Article 12 of the Convention requires return of the child unless it is shown that the child is settled in his or her new environment. *Id.*

A parent's removal or retention of a child is considered wrongful "when he or she removes or retains the child outside the child's country of habitual residence, and this removal: breaches the

rights of custody accorded to the other parent under the laws of that country; and, at the time of removal, the non-removing parent was exercising those custody rights." *Appellant v. Sealed Appellee*, 394 F.3d 338, 343 (5th Cir. 2004) (citing Convention, art. 3). "[R]ights of custody" are "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." *Abbott*, 560 U.S. at 9 (quoting Convention, art. 5(a)). Pursuant to Article 3 of the Convention, rights of custody may arise from operation of law, from a judicial or administrative decision, or from a legally binding agreement. Convention, art. 3. Neither the Convention nor ICARA defines "habitual residence." *Larbie v. Larbie*, 690 F.3d 295, 310 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1455 (2013). "The inquiry into a child's habitual residence is not formulaic; rather it is a fact-intensive determination that necessarily varies with the circumstances of each case." *Id.* (citation omitted).

Article 5 of the Convention also recognizes "rights of access," which include "the right to take a child for a limited period of time to a place other than the child's habitual residence." *Abbott*, 560 U.S. at 9; Convention, art. 5(b). The Convention, however, does not include a similar return remedy for breach of "rights of access," for example, when a custodial parent removes a child from his country of habitual residence in breach of the other parent's visitation rights. *Abbott*, 560 U.S. at 9. It is irrelevant under the Convention "whether there is a custody dispute concerning [the] child pending at the time of removal." *Appellant*, 394 F.3d at 343. The Convention's return remedy does not change custody rights that existed prior to the wrongful removal of a child and is not a determination regarding the merits of any custody issue. *Abbott*, 560 U.S. at 9 (citing Convention, art. 19). If a petitioner shows by a preponderance of the evidence that the removal or the retention

of the child was wrongful, the burden shifts to the respondent to prove an applicable affirmative defense. *See* 22 U.S.C. § 9003(e)(1).

Even if the child has been wrongfully removed, return is not required if the removing parent can establish that an exception under the Convention applies. *Abbott*, 560 U.S. at 22. The Convention recognizes several narrow affirmative defenses if a respondent "opposes the return of the child." Convention, arts. 12, 13, 20; 22 U.S.C. 9003(e)(2). A respondent may show by clear and convincing evidence that there is a "grave risk that [the child's] return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." Convention, art. 13(b); 22 U.S.C. 9003(e)(2)(A). A respondent may show by clear and convincing evidence that the return of the child "would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms." Convention, art. 20; 22 U.S.C. 9003(e)(2)(A). Pursuant to Article 12, if the petition is filed more than one year after the removal, a respondent may argue that the child is now "well-settled" in his or her new environment. Convention, art. 12; 22 U.S.C. 9003(e)(2)(B). This defense must be established by a preponderance of the evidence. *Id.* It is also a defense to wrongful removal if a respondent can show by a preponderance of the evidence that the petitioner was "not actually exercising the custody rights at the time of removal or retention," or that the petitioner "had consented to or subsequently acquiesced in the removal or retention." Convention, art. 13(a); 22 U.S.C. 9003(e)(2)(B).

### A.     Motion to Dismiss

Ms. Vega-Ostos alleges in her Petition that she had custodial rights under Mexican law and the exclusive right under the parties' divorce decree to designate J.G.V.'s primary residence without regard to geographic location; that J.G.V. has been a habitual resident in Mexico "since shortly after

**Memorandum Opinion and Order - Page 9**

his birth" until he was wrongfully removed from Mexico; and that she was exercising her custodial rights at the time J.G.V. was wrongfully removed from Mexico by Mr. Vega. Pl.'s Pet. 2-4. Ms. Vega-Ostos's pleadings are not verified as she maintains. The Petition is accompanied by a verification, but Ms. Vega-Ostos did not sign the verification. *See* Pl.'s Pet. 9. The court nevertheless determines that Ms. Vega-Ostos's factual allegations, while sparse, are sufficient to state a claim for wrongful removal and return under the Convention. Although Mr. Vega asserts that he has affirmative defenses under the Convention, dismissal of Ms. Vega-Ostos's Petition is not appropriate under Rule 12(b)(6), as the facts supporting his affirmative defenses and Ms. Vega-Ostos's claim under the Convention will need to be developed in an evidentiary hearing. Further, as explained, it is irrelevant for purposes of the Convention whether Mr. Vega has filed a motion in state court to alter the parties' custody arrangement. The court therefore **denies** the Motion to Dismiss.

### B. Request for Expedited Discovery

The Convention requires courts to "act expeditiously in proceeding for the return of children." Convention, art. 11. Mr. Vega's request for discovery, even on an expedited basis, would necessarily delay the proceedings in this case. Moreover, Mr. Vega does not explain what discovery is needed. The court therefore **denies** the Request for Expedited Discovery.

### C. Request for Appointment of a Guardian Ad Litem

Federal Rule of Civil Procedure 17(c)(2) requires a court to appoint a guardian ad litem for a minor whose interests are not represented in an action. Fed. R. Civ. P. 17(c)(2); *see Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) (concluding that appointment of guardian ad litem was necessary because the children's physical and temporary guardians had not advocated on behalf of

the children in district court proceeding under the Convention). Mr. Vega has not set forth any specific reason as to why he believes appointment of a guardian ad litem is necessary in this case, and the court determines that J.G.V.'s fundamental interests under the Convention are adequately represented, as both parties are making an effort in this case to represent those interests. The court therefore **denies** the Request for Appointment of a Guardian Ad Litem.

### D.    Request for Keeping Status Quo During Pendency of Litigation

Mr. Vega essentially requests to retain custody of J.G.V. pending the resolution of this action. In response, Ms. Vega-Ostos contends that allowing Mr. Vega to retain J.G.V. pending the resolution of this action would constitute an improper custody decision by the court and contravene the Convention's purpose of restoring the pre-abduction status quo and to deterring parents from crossing borders in search of a more sympathetic forum. The court disagrees with Ms. Vega-Ostos's assertion that a ruling by this court to maintain the status quo during the pendency of this action will amount to a custody determination.  Further, while the court agrees that the purpose of the Convention is to secure the prompt return of children wrongfully removed or retained, there has been no determination yet as to whether J.G.V. was wrongfully removed from Mexico, and there is no indication that J.G.V. will be in harm's way if allowed to remain with his father pending resolution of this action.  For this reason, and because neither party has pointed the court to any authority dealing with a request to maintain the status quo during the pendency of a claim under the Convention, the court **grants** the Request for Keeping Status Quo During Pendency of Litigation.

## IV.    Conclusion

For the reasons herein stated, the court **denies** the Motion to Dismiss; **denies** the Request for Expedited Discovery; **denies** the Request for Appointment of a Guardian Ad Litem; and **grants** the

Request for Keeping Status Quo During Pendency of Litigation (Doc. 13).  Because of the expedited nature of proceedings under the Convention, the court **directs** Respondent to file an answer to the Petition by **February 23, 2015**, and will conduct an evidentiary hearing on Petitioner's claim and Respondent's affirmative defenses under the Convention on **March 9, 2015**, at **9 a.m.**  Further, Respondent **shall not** remove J.G.V. from Dallas County, Texas, pending resolution of this action unless the court, in writing, specifically allows the removal.

**It is so ordered** this 11th day of February, 2015.

Sam A. Lindsay
United States District Judge