IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BERENICE VEGA OSTOS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3935-L** |
| | § | |
| **JOSE ALFREDO VEGA,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Motion for Costs, Fees and Expenses, filed June 24, 2015. Jose Alfredo Vega ("Vega" or "Respondent") did not file a response to the motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Petitioner's Motion for Costs, Fees and Expenses.

## I.    Background

Berenice Vega Ostos ("Vega Ostos" or "Petitioner") filed Petitioner's Motion for Costs, Fees and Expenses on June 24, 2015. Defendant Jose Alfredo Vega did not file a response to the motion.

On November 6, 2014, Petitioner brought this action pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9003 *et seq.* On June 10, 2015, the court granted the Petition for Return of Child to Petitioner filed by Vega Ostos. The court ordered that the child, J.G.V., be returned to Mexico to the custody of his mother Vega Ostos in open court on June 10, 2015. In its Judgment, the court stated that the issue of attorney's fees and expenses to be awarded Petitioner would be decided postverdict pursuant to 22 U.S.C. § 9007(b)(3) in accordance with Federal Rule of Civil Procedure 54(d)(2).

**Memorandum Opinion and Order – Page 1**

In accordance with the court's Memorandum and Opinion Order and Judgment, Vega Ostos filed Petitioner's Motion for Costs, Fees and Expenses.  Vega Ostos seeks $35,700 in reasonable and necessary attorney's fees, and $1,454.71 in fees, costs, and expenses.

## II.   Applicable Law

### A.   The Statute

The relevant law provides as follows:

> (3)   Any court ordering the return of a child pursuant to an action brought under section [9003] of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22, U.S.C. § 9007(b)(3).  As respondent did not file a response, he cannot establish that an order awarding attorney's fees, costs and expenses would be "clearly inappropriate."

### B.   Method of Computation under the Lodestar Approach

As Petitioner has obtained an enforceable judgment against Respondent that materially alters the legal relationship between them, she is the prevailing party.  *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citation omitted).  A prevailing party may recover only those fees that are "reasonably expended" on the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (citation omitted).  A party is not entitled to attorney's fees for the prosecution of an unsuccessful claim unless it involves common facts or derives from related legal theories of another claim that is successfully prosecuted.  *Hensley*, 461 U.S. at 434. The determination of a reasonable attorney's fee award involves a two-step process.  *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999) (citations omitted).   In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the

reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Hensley*, 461 U.S. at 433; *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998) (citation omitted); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). The fee applicant bears the burden of proof on this issue. *Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir. 1996) (citation omitted).

In assessing the amount of attorney's fees to award a prevailing party, the second step requires the court to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir. 1987) (citation omitted).* This two-step process has been approved by the Fifth Circuit for cases awarding attorney's fees under ICARA. *See Salazar v. Maimom*, 750 F.3d 514, 523 (5th Cir. 2014). While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley*, 99 F.3d at 760 (citation omitted). Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the court may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson*. *Id.* (citations omitted). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success [or result] obtained." *Hensley*, 461 U.S. at 436; *Farrar*, 506 U.S. at 114; *see Migis*, 135 F.3d at 1047.

---

* The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d at 1231 n.5 (5th Cir. 1987) (*citing Johnson*, 488 F.2d at 717-19).

**Memorandum Opinion and Order – Page 3**

### III.    Discussion

As previously stated, Vega did not file a response and submitted nothing to establish that an award of attorney's fees and costs would be "clearly inappropriate."  Accordingly, the court directs its attention to the reasonableness and necessity of the attorney's fees, costs, and expenses requested by Petitioner.

Petitioner has submitted evidence to support her fee request.  The record reflects that Mr. S. Cass Weiland expended 33.90 hours on the case, and Mr. Weiland's hourly rate for this case is $300.  Petitioner seeks $10,120 for his services.  The record further reflects that Mr. Robert Hawkins expended 126.35 hours on this case, and Mr. Hawkins's hourly rate is $200.  Petitioner seeks $25,270 for his services.  The record further reflects that Ms. Dawn Furcht expended three hours on this case, and her hourly rate is $100.  The total amount requested for legal fees for the attorneys and legal assistant is $35,740.

The court is quite familiar with Mr. Weiland's ability and experience.  He has been licensed by the State of Texas for over 40 years and has appeared before this court in a number of cases. He is an excellent attorney and has performed admirably in this case.  Based on the court's experience in awarding attorney's fees and the record, the court agrees with Mr. Weiland that partners that have comparable ability and competence in his firm, and similar firms, routinely charge upwards of $600 per hour.  In this case, Vega Ostos seeks only $300 per hour for Mr. Weiland's services, which the court determines is far below the usual and customary hourly fee that an attorney of Mr. Weiland's ability, competence, and experience would charge in the Dallas legal community.

Mr. Hawkins has been licensed to practice law in the State of Texas for almost 20 years. The court is also familiar with Mr. Hawkins's ability and experience, and he has performed

admirably in this case.  Vega Ostos seeks $200 per hour for his services.  Based on the record and the court's experience in setting attorney's fees, the court determines that attorneys with the level of ability, competence and experience of Mr. Hawkins charge $600 per hour as the usual and customary fee in the Dallas legal community.  Petitioner requests only $200 per hour for the services of Mr. Hawkins.

With respect to Ms. Furcht, the court, based upon the declaration of Mr. Weiland, determines that a request of $100 per hour is reasonable, and is the usual and customary fee charged for legal assistants in the Dallas legal community.

The record reflects that the requested fees have been discounted by more than fifty percent from rates that could have reasonable been charged for the services rendered by these persons, and the court concludes that the fees requested are more than reasonable.  Also, the court has reviewed the record, is quite familiar with this case, and reviewed the hours expended for the legal services. The court concludes that the fees were reasonable and necessary for Petitioner's successful prosecution of this action.  In reviewing the fee request, the court has also considered each of the twelve *Johnson* factors.  Accordingly, the court will award attorney's fees in the amount requested by Petitioner.

Finally, the court has reviewed the expenses and costs incurred and submitted by Vega Ostos for prosecuting this action.  The court concludes that the expenses and costs were reasonable and necessarily incurred for the successful prosecution of this action.  The court will award expenses and costs in the amount requested by Petitioner.

## IV.    Conclusion

For the reasons herein stated, the court **grants** Petitioner's Motion for Costs, Fees and Expenses, and she is awarded $35,740 as reasonable attorney's fees, and $1,454.71 in ancillary

**Memorandum Opinion and Order – Page 5**

fees, costs and expenses.  The total amount of attorney's fees, costs and expenses is **$37,194.71**, and Respondent Vega shall pay **$37,194.71** to Vega Ostos by **April 25, 2016**.  Interest shall accrue on the total amount awarded Vega Ostos at the rate of **.67%** from the date of entry of this order until it is paid in full.

**It is so ordered** this 25th day of March, 2016.

Sam A. Lindsay
United States District Judge